UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RICCI LEWIS, | : | CASE NO. 1:16-cv-741 |
| Petitioner, | : | |
| vs. | : | OPINION & ORDER [Resolving Doc. 9] |
| CHRISTOPHER LaROSE, | : | |
| Respondent. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Ricci Lewis seeks habeas corpus relief under 28 U.S.C. § 2254 from his twenty-year sentence for aggravated burglary, felonious assault, and aggravated robbery with firearm specifications.[1] Petitioner Lewis raises eleven grounds for habeas relief.[2] Magistrate Judge William H. Baughman, Jr. recommends denying Petitioner's § 2254 habeas petition on all eleven grounds.[3] Petitioner Lewis objects.[4]

For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **DISMISSES** Petitioner's § 2254 petition.

## I. BACKGROUND

### A. Factual Background

On December 29, 2011, a Lake County, Ohio grand jury indicted Petitioner Lewis on two counts of aggravated burglary; three counts of aggravated robbery; one count of complicity to

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 12.
[4] Doc. 15. The state filed a response to Petitioner's objections. Doc. 16.

aggravated robbery; and one count of felonious assault.[5] Each count included a firearm specification.[6]

On March 22, 2012, Lewis's trial attorney moved to withdraw as attorney of record based on attorney-client relationship breakdown.[7] The state trial court summarily denied the motion.[8]

On May 14, 2012, the first day of trial, Lewis made an oral request for a different appointed counsel.[9] The state trial court made inquiry about Lewis's request. The court determined that Lewis was still indigent; his appointed attorney's deficiency was minimal and did not prejudice Lewis; and appointment of new counsel would unnecessarily delay trial.[10] After making these findings, the state trial court denied Lewis's request for new appointed counsel.[11]

The state trial court, however, granted Ohio's motion to voluntarily dismiss the complicity to aggravated robbery charge and the related firearm specification.[12] Lewis went to trial on the remaining six charges.[13] His co-defendant was tried on the same six charges.[14]

The jury found Petitioner Lewis guilty on all six remaining charges.[15]

On May 24, 2012, the state trial court sentenced Petitioner Lewis to twenty years of incarceration.[16] The state trial court merged the two aggravated burglary convictions.[17] The state trial court also merged two of the aggravated robbery convictions with the felonious assault conviction.[18]

---

[5] Doc. 9-1, Ex. 1.
[6] *Id.*
[7] Doc. 9-1, Ex. 3.
[8] Doc. 9-1, Ex. 4.
[9] Doc. 9-2 at 3:15-28:20.
[10] *Id.*
[11] *See id.*; Doc. 9-1, Ex. 5 at 2.
[12] Doc. 9-1, Ex. 5 at 2.
[13] *Id.*
[14] *See* Doc. 9-1, Ex. 11 at 6.
[15] Doc. 9-1, Ex. 5 at 2.
[16] Doc. 9-1, Ex. 6.
[17] *Id.* at 2.
[18] *Id.*

The state trial court sentenced Lewis to six years for the aggravated burglary convictions and eight years for the aggravated robbery and felonious assault convictions.[19] The state trial court also sentenced Petitioner to six years based on the two firearm specifications.[20] The sentences were to run consecutively.[21] The state trial court journalized its sentence on June 1, 2012.[22]

**B. Procedural Background**

On June 29, 2012, Petitioner Lewis appealed to the state appellate court.[23] In his appeal, Lewis raised twenty assignments of error.[24] On September 16, 2012, the state appellate court affirmed the convictions and sentences.[25]

On September 23, 2013, Lewis filed an application for reconsideration,[26] and a motion for certification of conflict.[27] The state appellate court overruled both motions.[28]

On November 17, 2014, Petitioner Lewis filed a notice of appeal in the Ohio Supreme Court.[29] On April 8, 2015, the Ohio Supreme Court declined to accept jurisdiction.[30]

On March 25, 2016, Petitioner filed his § 2254 habeas petition.[31] In the petition, Petitioner Lewis asserts eleven grounds for relief. The state opposes the petition.[32]

On September 21, 2017, Magistrate Judge Baughman, Jr. issued a Report and Recommendation.[33] The Report and Recommendation recommended denying Petitioner's eleven

---

[19] *Id.* at 2-3.
[20] *Id.*
[21] *Id.*
[22] *Id.* at 1.
[23] Doc. 9-1, Ex. 8.
[24] Doc. 9-1, Ex. 9.
[25] Doc. 9-1, Ex. 11.
[26] Doc. 9-1, Ex. 12.
[27] Doc. 9-1, Ex. 13.
[28] Doc. 9-1, Ex. 16.
[29] Doc. 9-1, Ex. 17.
[30] Doc. 9-1, Ex. 20.
[31] Doc. 1.
[32] Doc. 9. Petitioner filed a reply. Doc. 10. The state filed a response. Doc. 11.
[33] Doc. 12.

grounds for relief.[34] On November 13, 2017, Petitioner Lewis filed his objections and exceptions to the Report and Recommendation.[35]

## II. LEGAL STANDARD

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties have properly objected.[36] A district court may adopt without review parts of the Report and Recommendation to which no party has objected.[37]

### A. Procedural Bar to Review: Procedural Default

A federal court may not reach the merits of claims that a state prisoner procedurally defaulted, unless the petitioner makes a showing of cause and prejudice or a finding of actual innocence.[38]

The Sixth Circuit uses a three-step analysis to determine whether a claim is procedurally defaulted.[39] Under this test, the Court decides whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state courts actually enforced the state procedural sanction; and (3) the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review.[40]

The Court may excuse a petitioner's procedural default if the petitioner shows "cause" for the procedural default and "actual prejudice" from the alleged error.[41] "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to

[34] *Id.*
[35] Doc. 15. The state responded. Doc. 16.
[36] 28 U.S.C. § 636(b)(1).
[37] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[38] *Reed v. Farley*, 512 U.S. 339, 354-55 (1994); *Williams v. Anderson*, 460 F.3d 789, 805-06 (6th Cir. 2006).
[39] *Maupin v. Smith*, 785 F.2d 135, 138-39 (6th Cir. 1986).
[40] *Id.*
[41] *Id.*

comply' with the state procedural rule."[42] A petitioner may prove prejudice if they show "that the trial was infected with constitutional error."[43] "The burden is on the petitioner to show that he was prejudiced by the alleged constitutional error."[44] It is not necessary, however, to resolve the issue of prejudice if a petitioner does not show cause for the default.[45]

**B. Substantive Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[46] governs a federal court's review of a state prisoner's habeas corpus petition. AEDPA limits federal review to those claims in which a petitioner contends that he is in custody in violation of the Constitution, laws, or treaties of the United States.[47]

AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the state court's decision:

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[48]

Under the "contrary to" clause of § 2254(d)(1), "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision."[49] The state court need not have been aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[50] In order

---

[42] *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).
[43] *Id.*
[44] *Maupin*, 785 F.2d at 139.
[45] *See Smith v. Murray*, 477 U.S. 527, 533 (1986).
[46] Pub. L. No. 104-132, 110 Stat. 1214 (1996).
[47] 28 U.S.C. § 2254(a).
[48] 28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).
[49] *Miller*, 269 F.3d at 614 (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).
[50] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

to have an "unreasonable application of . . . clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect.[51]

Under § 2254(d)(2), a state court's determination of fact will be unreasonable only if it represents a "clear factual error."[52] Therefore, the state court's determination of facts must conflict with clear and convincing evidence to the contrary.[53] "This standard requires the federal courts to give considerable deference to state-court decisions."[54] State court factual determinations are presumed to be correct.[55]

## III. ANALYSIS

### A. Ground One: Right to Counsel

There is no basis to grant relief on Petitioner's first ground.

In Petitioner's first ground, Lewis claims the state court violated a Sixth Amendment right to choose his own counsel. Petitioner argues that the state trial court violated his Sixth Amendment right to choose his own counsel when it did not permit his court-appointed counsel to withdraw.[56] In his objections, Petitioner Lewis says that the state courts' judgment involved (1) an unreasonable factual determination and (2) an unreasonable application of Supreme Court precedent.[57]

First, the Court does not find that the state trial court made any unreasonable factual determinations when denying Petitioner's request to change his appointed counsel.[58] In his objections, Petitioner points to facts from the trial transcript showing that his attorney had been

---

[51] *Williams*, 529 U.S. at 405.
[52] *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003).
[53] *Id.*
[54] *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007).
[55] *Davis v. Ayala*, 135 S.Ct. 2187, 2219 (2015).
[56] Doc. 1 at 5.
[57] Doc. 15 at 10-11.
[58] To the extent Petitioner argues as much, the Court cannot find that the state trial court violated Petitioner's due process rights. The state appellate court found that the trial court made an on-the-record inquiry into Petitioner's request to choose his own counsel (Doc. 9-1, Ex. 11 at 14). *See United States v. Raddatz*, 447 U.S. 667, 680 (1980).

deficient and thus needed to withdraw.[59] None of these cited facts however constitutes clear and convincing evidence to rebut the state trial court's factual determination.

Rather, the state trial court reasonably found that counsel's deficiency was minimal and reasonably found that any representation deficiency had not prejudiced Petitioner. Petitioner could only point to his attorney's failure to note one fact in the police report.[60] Petitioner was able to bring this error to his counsel's attention before trial.[61]

The state trial court also reasonably found that any deficient performance resulting from a breakdown in communication between Petitioner and counsel was Petitioner's fault.[62] Petitioner had provided a wrong number to his counsel and had refused to cooperate with his counsel.[63]

Second, the appellate state court did not unreasonably apply Supreme Court precedent by denying Petitioner's challenge to the trial court's denial of new appointed counsel. To support his claim, Petitioner Lewis identifies Supreme Court holdings from *Powell v. Alabama*, 287 U.S. 45 (1932), *Yarborough v. Gentry*, 540 U.S. 1 (2003), and *Strickland v. Washington*, 466 U.S. 668 (1984) in his objections.[64]

These cases, however, do not support Petitioner's case.

In *Powell*, the Court found that a violation of defendants' Sixth Amendment right to counsel occurred when the state court appointed counsel on the first day of trial.[65] There, the attorney could not have been effective since he had zero time to prepare adequately for trial.[66] Unlike in *Powell*, Petitioner's counsel was appointed three months before trial.

[59] Doc. 15 at 9-10.
[60] Doc. 9-2 at 11:7-13, 19:16-19.
[61] *Id.* at 11:7-13
[62] *Id.* at 12:21-15:8.
[63] *Id.*
[64] Doc. 15 at 7-17.
[65] *Powell*, 287 U.S. at 57-58.
[66] *See id.*

The Supreme Court held in *Yarborough* and *Strickland* that the Sixth Amendment only guarantees the attorney's reasonable competence.[67]

The state appellate court's affirmance of the lower court's denial of counsel withdrawal reasonably reflects *Yarborough*'s and *Strickland*'s holdings.[68] The state appellate court affirmed the denial of new counsel since Petitioner was still indigent; counsel's deficiency was minimal and not prejudicial; and Petitioner's request to obtain new counsel would have delayed trial for the third time.[69] The state appellate court's decision ensured that Petitioner had reasonably competent counsel at his trial.

Accordingly, the Court does not grant Petitioner relief based on his first ground.

**B. Ground Two: Amendment of Indictment**

Petitioner's second ground for relief also fails.

Petitioner claims that the state court denied him due process of law by amending the indictment without resubmission to a grand jury.[70] Petitioner argues that the indictment was improperly amended when the state trial court improperly instructed the jury about the counts in his indictment.[71]

The Supreme Court has "uniformly" held that "the sufficiency of [a state court] indictment cannot be reviewed in habeas corpus proceedings."[72] This is because the Fifth Amendment right

---

[67] *Yarborough*, 540 U.S. at 8; *Strickland*, 466 U.S. at 689.
[68] We do not consider Petitioner's reliance on Ohio state or Federal Circuit opinions. *See* Doc. 15 at 11-15. Such opinions cannot form the basis of federal habeas relief. *See* *Parker v. Matthews*, 132 S.Ct. 2148, 2155 (2012); *Engle v. Isaac*, 456 U.S. 107, 119-121 (1982).
[69] Doc. 9-2 at 3:15-27:13.
[70] Doc. 1 at 7.
[71] Doc. 15 at 17-19.
[72] *Knewel v. Egan*, 268 U.S. 442, 446 (1925).

to a grand jury does not apply to the states.[73] As a result, state law would govern a state indictment.[74] And any state law error does not support a federal habeas claim.[75]

For this reason, the Supreme Court precedent that Petitioner cites in his objections are inapplicable here. Those cases concerned federal indictments, rather than a state indictment like Lewis's indictment.[76] To the extent Petitioner makes state law arguments concerning his state indictment in his objections,[77] those state law claims do not support federal habeas relief.[78]

The Court does consider whether the state indictment gave sufficient notice of the offenses brought against Petitioner. An indictment provides sufficient notice under federal constitutional law if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."[79]

The Court finds that the indictment enabled Petitioner to prepare a defense and protect himself against Double Jeopardy.[80] As the Magistrate Judge noted,[81] the amended indictment cited the relevant Ohio Revised Code statutes, and therefore provided sufficient notice.[82]

To the extent that Petitioner argues that the jury instructions violated the federal constitution, Petitioner must show that the "ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."[83] If the instruction is ambiguous, a due process violation only occurs if there was a "reasonable likelihood that the jury has applied the challenged

---

[73] *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972).
[74] *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986).
[75] *Id.*
[76] *See* *Stirone v. United States*, 361 U.S. 212, 213 (1960); *Russell v. United States*, 369 U.S. 749, 751-52 (1962).
[77] *See* Doc. 15 at 18-19.
[78] *See* *Mira*, 806 F.2d at 639.
[79] *Hamling v. United States*, 418 U.S. 87, 117 (1974).
[80] *See* Doc. 9-1, Ex. 1.
[81] Doc. 12 at 37.
[82] *See* *Mira*, 806 F.2d at 639 (indictment sufficient even where petitioner alleged indictment did not allege all of the elements of crime).
[83] *Cupp v. Naughten*, 414 U.S. 141, 147 (1973).

instruction in a way that violates the Constitution."[84] Incorrect jury instructions based on state law cannot form the basis for habeas relief.[85]

Petitioner primarily relies on Ohio law to argue that the jury instructions concerning his indicted counts were incorrect.[86] Petitioner fails to show his entitlement to federal habeas relief.

The Court therefore does not grant Petitioner relief based on his second ground.

**C. Grounds Three, Four, Five, and Six: Jury Instructions**

**1. *Procedural Default***

Petitioner's sixth ground for relief is procedurally defaulted. In his sixth ground for relief, Petitioner argues that his counsel failed to argue for a jury instruction that the jury must unanimously agree on a single theory of liability.[87] Petitioner argues that the trial court should have instructed the jury that it needed to unanimously agree that Petitioner was either a principal offender or an aider and abettor.[88]

Under the first prong of the *Maupin* test for procedural default, Petitioner failed to raise this claim under the applicable Ohio time period. Under Ohio's "contemporaneous objection rule," an appellant who fails to object waives later review of an issue unless he shows plain error.[89] Here, the state appellate court found that Petitioner's trial counsel had not objected to the jury instructions on this issue.[90] As a result, the first prong of the *Maupin* test is satisfied.

The second prong of the test is also satisfied. The Sixth Circuit has held that a state appellate court's plain error review is enforcement of a procedural default, not a waiver of the procedural rule.[91] Because trial counsel had never objected regarding this issue, the state appellate

[84] *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (citations omitted).
[85] *Id.* at 71-72.
[86] *See* Doc. 15 at 17-19.
[87] Doc. 1 at 13.
[88] Doc. 15 at 22.
[89] *Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir. 2004).
[90] Doc. 9-1, Ex. 11 at 21.
[91] *Bagley*, 380 F.3d at 968.

court performed a plain error analysis.[92] Therefore, the state appellate court enforced the contemporaneous objection rule.

The third prong of the *Maupin* test – adequate and independent state grounds – is also met. The Sixth Circuit has held that Ohio's contemporaneous objection rule is an adequate and independent state ground for purposes of procedural default.[93] Accordingly, the state court's enforcement of the contemporaneous objection rule here satisfies the third prong.[94]

Since the Petitioner's sixth ground for relief is procedurally defaulted, the Court rejects this claim unless Lewis succeeds in showing "cause" and "actual" prejudice.[95] Petitioner failed to state any cause or prejudice for his procedural default.[96]

The Court thus finds that Petitioner procedurally defaulted on his sixth ground for relief.

**2. *Merits***

Even if Petitioner had not defaulted on his sixth ground, the Court denies this ground on the merits, as well as his third, fourth, and fifth grounds for relief. These grounds for relief concern the propriety of the state trial court's jury instructions.

In his objections, Petitioner mostly rehashes arguments from his reply to the Respondent's opposition.[97] Petitioner's objections mainly rely on state law arguments.[98] In a federal habeas case, the Court cannot address these arguments.[99]

Petitioner next argues that the Magistrate judge performed "no proper analysis of [Petitioner's] claims in the federal constitutional sense."[100] Under AEDPA, however, the

[92] Doc. 9-1, Ex. 11 at 21.
[93] *Nields v. Bradshaw*, 482 F.3d 442, 451 (6th Cir. 2007); *Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006).
[94] *See* *Whatley v. Smith*, No. 1:08CV1632, 2009 WL 4282926, at *12 (N.D. Ohio Nov. 30, 2009).
[95] *Maupin*, 785 F.2d at 138-39.
[96] Docs. 10, 15.
[97] *Compare* Doc. 15 at 19-24, *with* Doc. 10 at 12-17.
[98] *See* Doc. 15 at 20-22.
[99] *See* *Engle*, 456 U.S. at 119-121.
[100] Doc. 15 at 22.

Magistrate Judge was limited to determining whether the state court's decision was "contrary to" or an "unreasonable application of" Supreme Court precedent.[101] The Magistrate Judge did so for Petitioner's third, fourth, fifth, and sixth grounds for relief.

As the Magistrate Judge noted (and as explained before), a state court's interpretation of the proprietary of a jury instruction generally does not entitle a habeas claimant to relief.[102] Petitioner must prove that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."[103] Petitioner has failed to meet this burden.

For his third and fifth grounds, Petitioner cites no Supreme Court precedent in support.[104]

For his fourth ground, Petitioner cites to *Blakely v. Washington*, 542 U.S. 296 (2004) to argue that the state trial court usurped the jury's fact-finding role when it instructed on the definition of "accomplice."[105] The state appellate court's affirmance on this issue was not contrary to *Blakely*. The jury instructions only stated the law, and did not make any factual conclusions about Petitioner's role as an accomplice.[106]

With respect to his sixth ground, Petitioner cites to *Schad v. Arizona*, 501 U.S. 624 (1991), *Richardson v. United States*, 526 U.S. 813 (1999), and *McKoy v. North Carolina*, 494 U.S. 433 (1990) to argue that the state trial court unconstitutionally failed to instruct the jury that it must unanimously agree whether he was an aider and abettor or a principal offender in the commissions of the underlying offenses.[107]

---

[101] 28 U.S.C. § 2254(d).
[102] *See* Doc. 12 at 45.
[103] *Estelle*, 502 U.S. at 72.
[104] *See* Doc. 15 at 19-22.
[105] *Id.* at 21.
[106] *See* Doc. 9-2 at 202:3-12.
[107] Doc. 15 at 22-24.

However, these cases do not support Petitioner's arguments.[108] In the federal context, "where there are charges of drug possession with intent to distribute based on both liability as a principal and as an aider and abettor, a specific unanimity instruction is not needed simply because the government presents multiple factual scenarios and theories of liability to prove the commission of a single offense."[109] Similar to the federal context, Ohio treats principal liability and aiding and abetting liability as two separate theories to prove the commission of the single offense.[110] Therefore, the lack of a unanimity instruction here is not a federal constitutional violation.

The Court does not grant relief based on the third, fourth, fifth, or sixth ground.

**D. Grounds Seven, Eight, Nine, and Ten: State Court Sentencing**

Petitioner's seventh, eighth, ninth, and tenth grounds for relief concern the state court's sentence. The Court agrees with the Magistrate Judge's denial of these grounds for relief.

To the extent that Petitioner challenges decisions on Ohio state law to obtain habeas relief, the Court cannot review these arguments.[111]

For his seventh ground, Petitioner argues that the state court's imposition of a consecutive sentence violated *Fiore v. White*, 531 U.S. 225 (2001) and *Harmelin v. Michigan*, 501 U.S. 957 (1991).[112] However, neither case concerns the constitutionality of consecutive sentences.[113]

---

108 *See* Schad, 501 U.S. at 631-32 (finding that jurors need not unanimously agree on the means of the commission of a crime); *Richardson*, 526 U.S. at 817 (same); *McKoy*, 494 U.S. at 433 (finding unconstitutional North Carolina's unanimity requirement for mitigating factors in capital cases).

109 *United States v. Riley*, 410 F. App'x 963, 967 (6th Cir. 2011) (quotations omitted); *see also* *Lampkins v. Gagnon*, 710 F.2d 374, 377-78 (7th Cir. 1983) (finding Wisconsin's participation statute, which does not differentiate among liability theories for offense participation, did not require jury to unanimously agree on theory of participation).

110 *See* Doc. 9-1, Ex. 11 at 20-21.

111 *See* *Engle*, 456 U.S. at 119-121.

112 Doc. 15 at 25-27.

113 *See* *Fiore*, 531 U.S. at 229 (concerning sentencing without proving elements of offense); *Harmelin*, 501 U.S. at 996 (affirming defendant's sentence of life imprisonment).

With respect to his eighth and ninth grounds, Petitioner fails to cite any Supreme Court precedent to support his claims.[114]

For his tenth ground, Petitioner argued in his response that he received unconstitutional multiple punishments in violation of *Ohio v. Johnson*, 467 U.S. 493 (1984), *United States v. Dixon*, 509 U.S. 688 (1993), and *Blockburger v. United States*, 284 U.S. 299 (1932).[115]

Petitioner argues that the imposition of two separate sentences for the aggravated robbery convictions and aggravated burglary convictions was a Double Jeopardy violation under *Dixon* and *Blockburger*. *Dixon* and *Blockburger* prohibit multiple punishments for the same offense.[116]

Based on an interpretation of Ohio law, the state appellate court found that aggravated robbery was a separate offense from aggravated burglary.[117] The state appellate court therefore found no Double Jeopardy violation occurred in the imposition of separate sentences for these two offenses.[118] The Court defers to the state appellate court's application of state law on this issue.[119]

*Johnson*, moreover, is not as applicable to Petitioner's case. The *Johnson* case concerned the continued prosecution for greater offenses, where the defendant already pleaded guilty to lesser included offenses.[120] Those are not the facts of Petitioner's case.

The Court does not grant relief based on the seventh, eighth, ninth, or tenth ground.

**E. Ground 11: Ineffective Assistance of Counsel**

Lastly, in his eleventh ground for relief, Petitioner claims his counsel was ineffective because he failed to make certain trial objections.[121]

---

[114] Doc. 10 at 20-21; Doc. 15 at 24-27.
[115] Doc. 10 at 22-23.
[116] *Dixon*, 509 U.S. at 696-97; *Blockburger*, 284 U.S. at 304.
[117] Doc. 9-1, Ex. 11 at 28-32.
[118] *Id.*
[119] *See Palmer v. Haviland*, 273 F. App'x 480, 486 (6th Cir. 2008) ("For the purpose of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination." (quotations omitted)).
[120] *Johnson*, 467 U.S. at 496.
[121] Doc. 10 at 24-25.

Under *Strickland*, to make an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense.[122] A petitioner alleging ineffective assistance of counsel bears "a heavy burden of proof."[123] Petitioner cannot satisfy this burden by making conclusory allegations unless supported by specific facts.[124] Moreover, courts "begin with the premise that 'under the circumstances, the challenged action[s] might be considered sound trial strategy.'"[125]

In his objections, Petitioner argues that the Magistrate Judge "did not analyze the constitutional claims presented by petitioner."[126] However, as previously explained, the Magistrate Judge was limited to considering whether the state appellate court's decision was contrary to or an unreasonable application of Supreme Court precedent. The Magistrate Judge found that the state appellate court reasonably applied *Strickland* in finding that Petitioner failed to demonstrate ineffective assistance of counsel.[127]

In his state appeal, Petitioner made no specific argument on either *Strickland* prong.[128] Given it was Petitioner's burden to make the showing, the state appellate court's denial of Petitioner's ineffective assistance of counsel claim was not unreasonable.

Petitioner next argues that the Magistrate Judge "failed to consider that there was an unreasonable determination of undisputed facts which resulted in multiple constitutional deprivations."[129] It appears that Petitioner is arguing that the state appellate court unreasonably

---

[122] 466 U.S. at 687.
[123] *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005); *see also Smith v. United States*, No. 5:06-CR-00310, 2010 WL 4362863, at *4 (N.D. Ohio Oct. 27, 2010).
[124] *United States v. Cronic*, 466 U.S. 648, 666 (1984); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998).
[125] *Cullen v. Pinholster*, 563 U.S. 170, 191 (2011) (citing *Strickland*, 466 U.S. at 689).
[126] Doc. 15 at 28.
[127] Doc. 12 at 58-61.
[128] Doc. 9-1, Ex. 11 at 40; Doc. 9-1, Ex. 9 at 33. Petitioner also failed to make any argument demonstrating deficiency and prejudice in this habeas proceeding. *See* Doc. 10 at 24-25; Doc 15 at 27-28.
[129] Doc. 15 at 28.

applied undisputed facts in making its judgment. For the same reasons stated above, the Court finds that the state appellate court did not unreasonably apply the facts to the law.

Accordingly, the Court does not grant relief on this eleventh ground.

## IV. CONCLUSION

For the reasons above, this Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Baughman's Report and Recommendation, and **DISMISSES** Petitioner's § 2254 petition. The Court certifies that no basis exists upon which to issue a certificate of appealability.[130]

IT IS SO ORDERED

Dated: December 19, 2017

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

[130] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).