UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

RICCI LEWIS,

    Petitioner,

vs.

CHRISTOPHER LaROSE,

    Respondent.

---

CASE NO. 1:16-cv-741

OPINION & ORDER
[Resolving Doc. 19]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Court previously denied Ricci Lewis's petition for habeas corpus under 28 U.S.C. § 2254.[1] Petitioner Lewis now moves the Court to alter and amend its denial of his petition.[2]

For the reasons below, the Court **DENIES** Lewis's motion to alter and amend judgment.

## I. BACKGROUND

On December 29, 2011, a state grand jury indicted Petitioner Lewis on two counts of aggravated burglary; three counts of aggravated robbery; one count of complicity to aggravated robbery; and one count of felonious assault.[3] Each count had a firearm specification.[4]

On May 14, 2012, the first day of trial, Lewis made an oral request for different counsel.[5] The state trial court inquired about Lewis's request on the record. The court determined that Lewis was still indigent; his appointed attorney's deficiency was minimal and did not prejudice Lewis; and appointment of new counsel would unnecessarily delay trial.[6] Accordingly, the state trial court denied Lewis's request for new counsel.[7]

---

[1] Docs. 17, 18.
[2] Doc. 19.
[3] Doc. 9-1, Ex. 1.
[4] *Id.*
[5] Doc. 9-2 at 3:15-28:20.
[6] *Id.*
[7] *See id.*; Doc. 9-1, Ex. 5 at 2.

After the state trial court granted the state's motion to voluntarily dismiss the complicity to aggravated robbery charge and the attached firearm specification,[8] Lewis was tried on the remaining six charges.[9] The jury found Petitioner Lewis guilty on all six remaining charges.[10] The state trial court sentenced Petitioner Lewis to twenty years in prison.[11]

After the state appellate courts affirmed his conviction and sentences, Petitioner filed a § 2254 petition.[12] He alleged eleven grounds for relief, including one claim asserting his Sixth Amendment right to choose his own counsel.[13] On December 19, 2017, the Court dismissed Lewis's petition on all eleven grounds.[14]

Lewis now files the instant motion to alter and amend judgment.[15] Petitioner Lewis argues that the Court wrongly dismissed his § 2254 petition by finding no violation of his Sixth Amendment right to choose his own counsel.[16] Petitioner Lewis also argues that the state trial court did not fully and fairly consider his request for new counsel.[17]

The government argues that Petitioner Lewis's motion should be denied because he only raises arguments and issues that he already raised, or could have raised, in his § 2254 petition.[18]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a court may grant a motion to amend or alter its judgment if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) manifest injustice.[19] A reconsideration motion, however, is not

---

[8] Doc. 9-1, Ex. 5 at 2.
[9] *Id.*
[10] Doc. 9-1, Ex. 5 at 2.
[11] Doc. 9-1, Ex. 6.
[12] Doc. 1.
[13] *Id.*
[14] Doc. 17.
[15] Doc. 19.
[16] *Id.*
[17] *Id.*
[18] Doc. 20.
[19] *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

an opportunity to re-litigate previously decided matters or present the case under new theories.[20] Such a motion is extraordinary and rarely granted.[21]

### III. ANALYSIS

As an initial matter, the Court finds that Petitioner Lewis's arguments in his motion for reconsideration consist of arguments that he already raised, or could have raised, in his § 2254 petition. He does not bring forth any newly discovered evidence or show an intervening change in controlling law concerning his Sixth Amendment claim regarding his right to choose his own counsel, or his due process rights.

The Court also finds that Petitioner fails to show any clear error of law or a manifest injustice. Petitioner Lewis argues that the Court erred by failing to address (1) the fact that Petitioner's court-appointed counsel wanted to withdraw; (2) Petitioner's concerns about his appointed counsel's competence; and (3) his desire and ability to hire his own counsel.[22]

The Court, however, did consider these issues and properly found that the state trial court had not denied Petitioner's right to choose his own counsel or his due process rights.

"While the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."[23] "[A] defendant may not insist on representation by an attorney he cannot afford . . . ."[24]

---

[20] *See* Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).
[21] Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc., 904 F. Supp. 644, 669 (N.D. Ohio 1995).
[22] Doc. 19. Petitioner also argues that the "random changing of the judges in [his] case" affected his right to have counsel. *Id.* at 2. But Petitioner fails to explain how that factor affected the state court's decision to deny his request for new counsel.
[23] Wheat v. United States, 486 U.S. 153, 159 (1988).
[24] *Id.*

The state trial court properly denied Petitioner's request for new counsel because it found Petitioner Lewis could not afford the counsel of his choice; his appointed counsel's deficiency was minimal and not prejudicial; and allowing withdrawal to obtain new counsel would have delayed trial for the third time.[25] The state trial court's decision still ensured that Petitioner had an effective advocate pursuant to the Sixth Amendment and *Powell v. Alabama*.[26]

Petitioner's new argument based on *Flanagan v. United States*[27] (which he could have raised before) is unpersuasive. That 1984 Supreme Court opinion only held that a petitioner does not have to show he was prejudiced in his defense in order to demonstrate deprivation of his Sixth Amendment right to choose his own counsel.[28] That case, however, does not say that Petitioner is entitled to choose his own counsel when he cannot show he is able to afford it.[29]

The Court also properly found that the state trial court did not violate Petitioner's due process rights.[30] The state trial court made a sufficient on-the-record inquiry into Petitioner's request to choose his own counsel.[31]

Accordingly, the Court does not find any basis for altering or amending its judgment.

### IV. CONCLUSION

For the reasons above, this Court **DENIES** Petitioner's motion to alter or amend judgment.

IT IS SO ORDERED

Dated: January 31, 2018      *s/ James S. Gwin*
                                                             JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE

---

[25] Doc. 9-2 at 3:15-27:13.
[26] *See* Doc. 17 at 6-8.
[27] Doc. 19 at 5.
[28] 465 U.S. 259, 268 (1984).
[29] Petitioner's citation to Ohio state or Federal Circuit opinions (see Doc. 19 at 5-6) cannot form the basis of federal habeas relief. *See Parker v. Matthews*, 132 S.Ct. 2148, 2155 (2012); *Engle v. Isaac*, 456 U.S. 107, 119-21 (1982).
[30] *See* Doc. 17 at 6 n.58.
[31] *See* Doc. 9-1, Ex. 11 at 14; *United States v. Raddatz*, 447 U.S. 667, 680 (1980).